IN RE APPLICATION OF NEBRASKA RAILROADS.
CHICAGO & NORTHWESTERN TRANSPORTATION CO., ET AL.,
APPELLANTS, V. NEBCO, INC., APPELLEE.
243 N. W. 2d 779

Filed July 7, 1976. No. 40574.

Knudsen, Berkheimer, Endacott & Beam, for appellants.

James W. Hewitt, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal by the Nebraska Railroads from a finding of the Public Service Commission upon application for a declaratory ruling under commission rules as to the effective date of a rate increase order, which order had, on appeal to this court, been affirmed.

The petition for the declaratory ruling alleged, among other matters: Pertinent dates and actions of the commission and parties as follows:

Date of the rate order 9-23-74.

Effective date of rate as per commission order 10-21-74.

Motion of Nebco for rehearing 10-1-74.

Motion overruled 10-21-74.

Nebco notice of appeal filed 10-31-74.

Supersedeas bonds filed by railroads as follows:

Burlington Northern 11-21-74.

Union Pacific 11-22-74.

Missouri Pacific 11-25-74.

North Western Railroad 11-25-74.

Rock Island 11-25-74.

The application for a declaratory ruling alleges that a dispute exists as to the following questions in light of certain provisions of Nebraska statutes: "(a) Where the Notice of Appeal was filed on October 31, 1974, does the new rate ordered go into abeyance on that day, October 31, 1974, or is the abeyance retroactive to October 21, 1974, the effective date of the order: . . . (b) Does the new rate in abeyance during November, 1974, become effective on the date of filing the respective supersedeas bonds or is the effective date retro-

active to October 21, 1974 or October 31, 1974?"

The substance of the response of Nebco to the application was that the rate increase was effective only as of the date of the filing of the various supersedeas bonds.

The commission upheld Nebco's position and ruled that the rate increases became effective on the date the supersedeas bonds were filed by the various railroads. We affirm.

Pertinent statutes are in part as follows: "Except as otherwise provided in sections 75-121 and 75-139, all commission orders shall go into effect ten days after the date of the mailing of a copy of the order to the parties of record unless the commission prescribes a later effective date; . . . provided further, that if one of the parties of record commences one of the appeal proceedings provided in section 75-137, the order appealed shall be in abeyance until the Supreme Court issues its mandate . . .." § 75-134, R. R. S. 1943.

Section 75-137, R. R. S. 1943, provides: "The procedure to obtain reversal, modification, or vacation of an order entered by the commission, shall be (1) by filing a notice of appeal with the commission within thirty days after the date of the mailing of a copy of the order by the commission to the party appealing, or (2) by filing a motion for rehearing within ten days after the date of the mailing of a copy of the order by the commission to the party appealing . . .."

"Except as otherwise provided in this section, the effective date of a rate order that is appealed to the Supreme Court shall be the first Monday following the date of the court's mandate if the order is affirmed; . . . and provided further, that a common carrier may make effective a rate order increasing a fixed rate by filing a supersedeas bond with the commission sufficient in amount to insure refund of the difference between the rate finally approved and the rate appealed to shippers or subscribers entitled thereto if the order appealed is ·

reversed. A supersedeas bond may be filed by any affected shipper or common carrier, including shippers or common carriers that were not parties to the rate proceeding, at any time prior to the issuance of the Supreme Court's mandate . . .." § 75-139, R. R. S. 1943.

The position of the railroads is that under the terms of section 75-137, R. R. S. 1943, the filing of a motion for rehearing is not the taking of an appeal and hence there was no abeyance under section 75-134, R. R. S. 1943, of the rate order during the period between 10-21-74, the effective date under the commission order, and 10-31-74 when the notice of appeal was filed. The railroads rely upon the principle that the filing of a motion for rehearing is not the commencement of appeal proceedings for, until the motion is ruled on by the tribunal before which it is pending and a notice of appeal is filed, the proceeding remains in the lower tribunal. They cite Harkness v. Central Nebraska P. P. & Irr. Dist., 154 Neb. 463, 48 N. W. 2d 385, as follows: "The general rule as stated by text writers is that a pending motion for a new trial seasonably filed keeps the cause in the trial court and so long as it remains undisposed of there can be no final judgment within the meaning of the statutes regulating appeals. As soon as a motion for a new trial is filed the district court's jurisdiction over the case is retained and continued." They then say, and we quote from their brief: "Turning to the statutes in question, it may be arguably advanced that Neb. Rev. Stat. §§ 75-134 and 75-137, (Reissue 1971) when read in conjunction, emasculate this distinction between 'appeal' and 'motion for rehearing.' Section 75-134 provides in part: '. . . provided further, that if one of the parties of record commences one of the appeal proceedings provided in section 75-137, the order appealed shall be in abeyance until the Supreme Court issues its mandate; . . .' Section 75-137 discusses the ways to obtain 'reversal, modification, or vacation of an order entered by the commission.' Those

ways are to (1) file a notice of appeal, or (2) file a motion for rehearing, which if denied may be followed by a notice of appeal. The Public Service Commission reads the language in Section 75-134 referring to 'appeal proceedings provided in Section 75-137' to mean *both* the appeal provisions *and* the motion for rehearing. It seems to imply this reading is mandated by the plural form of the word 'proceedings' in section 75-134. However, there is a much less strained way to read the statutes in question which will maintain accepted legal differences between 'appeal' and other proceedings. That is, that there *are* two appeal proceedings provided in section 75-137: one instead of a motion for rehearing and one after such a motion is decided. Moreover, this interpretation is given further credence by reading section 75-134 in context, wherein it provides that the appeal proceedings will cause the order to 'be in abeyance until the Supreme Court issues its mandate.' Motions for rehearing in section 75-137 are *not* before the Supreme Court, but before the Public Service Commission; thus, the 'appeal proceedings' referred to must be the traditional appeals instead of and after a motion for rehearing and not the intermediate device of the rehearing itself."

There can be no quarrel about the principle cited in Harkness when one is concerned with the time at which jurisdiction changes from the lower court tribunal to the appellate court. However, that is not the question before us. The question to be resolved is, What did the Legislature mean when in section 75-134 it referred to "one of the appeal proceedings in 75-137"? Did it intend to refer to the two different times at which notices of appeal would be filed under the procedures numbered (1) and (2) in section 75-137? Or was it referring to the different procedural steps numbered (1) and (2) as appeal proceedings? If the first interpretation was intended and the procedure designated (2) is used, that is, a motion for rehearing is filed as a preparatory step

in the appeal, there would exist a hiatus during which the appeal procedure is ineffective to put the rate order in abeyance.

To ask those questions is almost to answer them. Unless the Legislature intended to include the motion for rehearing as one of the appeal procedures, even though such language is not technically correct, then there really are not two "proceedings" but only one, that is, the filing of the notice of appeal. Further, no reason is suggested as to why the Legislature would intend that abeyance be delayed in one case and not in the other. The statute in question has not been previously interpreted by us and neither party can cite any case precisely on point.

It is pointed out to us that the motion for rehearing could be used to delay a rate increase or decrease by one who does not intend to perfect and prosecute his appeal to finality. Whether that could be the result, of course, is not before us in this appeal because the appeal was in fact perfected. When the Legislature used this language, no doubt it was acting on the premise that the appeal would be perfected if the motion for rehearing was denied. If a remedy is needed for the contingency mentioned, it must come from the Legislature.

We hold that the filing of a motion for rehearing before the Public Service Commission under the provisions of section 75-137, R. R. S. 1943, is the commencement of an appeal proceeding within the meaning of section 75-134, R. R. S. 1943, and where followed by the overruling of the motion and filing of notice of appeal and appeal to this court has the effect of putting the rate order in abeyance until a supersedeas bond is filed under the provisions of section 75-139, R. R. S. 1943.

Under the facts before us we need not decide whether a party desiring the order to go into effect may file a supersedeas immediately upon the filing of a motion for rehearing.

AFFIRMED.